UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERROD HERNDON,<br><br>    Petitioner,<br><br>v.<br><br>STATE OF CALIFORNIA,<br><br>    Respondent. | Case No. 23-cv-01163-TLT<br><br>**ORDER OF DISMISSAL; DENYING CERTIFICATE OF APPEALABILITY** |

Petitioner Gerrod Herndon, a former state prisoner currently at All Saints Extended Care, an assisted living facility in San Rafael, California, filed this *pro se* petition for a writ of habeas corpus. ECF 4. For the reasons set forth below, this petition for a writ of habeas corpus is DISMISSED with prejudice and a certificate of appealability is DENIED. Petitioner has paid the filing fee. ECF 5.

**DISCUSSION**

**I.    Petition**

Petitioner has filled out the Northern District of California's habeas petition form but answered "N/A" to the questions regarding a conviction. He checked the "No" box in response to the question whether he is currently in custody serving a term. ECF 4 at 1. He checked "Judge alone" in response to what kind of trial he had. He checked the box that he appealed his conviction and wrote that the result was a "PC 4813 pardon" in 2021. *Id.* at 3. He indicates that the grounds for the appeal were the same as for this petition. *Id.* He indicates that he filed section 1983 cases in the Oakland and San Jose divisions of the United States District Court for the Northern District of California, and in the Fresno division of the United States District Court for the Eastern District of California, involving pardon, police brutality, small claims, pain and suffering, and damages, for

all of which he was granted leave to amend.  *Id.* at 3-4.  He states that he has a petition currently pending in Marin County Superior Court.  *Id.* at 4.

Petitioner describes claim one as "42 CFR USC 832.7 PC" and states that he "wasn't fully represented properly" and "needed State Bar of California help."  *Id.* at 5.  He describes claim two as "MC-275 writ" and states that he "filed many and they were not ruled upon they were left out of the courtroom."  *Id.*  He describes claim three as "42 1983 USC and 28 1915(g) USC" and states "I need to have all my cases heard in court I was indigent at the time for six months or more."  *Id.*  He also states, "they've place illegal enhancement on my case load I need to recover $100,000.00 for misconduct on the behalf" and lists as support the "emancipation proclamation under the 14th amendment means abolish slavery. 18th amendment prohibition."  *Id.* at 6.

## II.    Standard of Review

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).  A federal district court may also entertain a petition for a writ of habeas corpus from a petitioner who is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2241(c).  A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  28 U.S.C. § 2243.

## III.   Dismissal with Prejudice

This petition is DISMISSED for lack of federal habeas jurisdiction because petitioner is not "in custody" within the meaning of either 28 U.S.C. § 2254(a) or 28 U.S.C. § 2241(c).  A habeas petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed.  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989).  The custody requirement is jurisdictional.  *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968).

**CERTIFICATE OF APPEALABILITY**

The Court concludes that no "jurists of reason would find it debatable whether the petition

2

states a valid claim of the denial of a constitutional right [or] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Accordingly, a certificate of appealability is DENIED.

## CONCLUSION

For the reasons set forth above, the Court DISMISSES the petition for writ of habeas corpus with prejudice for lack of federal habeas jurisdiction and DENIES a certificate of appealability.  The Clerk of the Court is directed to enter judgment in favor of respondent and against petitioner and close the case.

**IT IS SO ORDERED.**

Dated: July 27, 2023

TRINA L. THOMPSON
United States District Judge